UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FELIX LUIS CUEVAS,
JOSE BERMUDEZ, and
SAMUEL RAMOS,
      Plaintiffs,              Civil Action
                                    No. 10-11897-PBS
      v.

SUPERINTENDENT DICKHAUT, ET AL.,
      Defendants.

MEMORANDUM AND ORDER
November 20, 2010

SARIS, D.J.

## I.  INTRODUCTION

On October 22, 2010, plaintiffs Felix Luis Cuevas, Jose Bermudez, and Samuel Ramos, all prisoners at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed a civil Complaint under, *inter alia*, 42 U.S.C. § 1983 against various officials and employees of SBCC.  Thereafter, on November 16, 2010, plaintiffs filed an Amended Complaint (Docket No. 4) adding defendants and withdrawing claims against one defendant.[1] Plaintiffs seek to bring this action as a class action for violation of their due process rights, assault and battery, emotional, physical, and mental abuse, and retaliation.  See Am.

---

[1]The Amended Complaint lists defendants as follows: (1) Superintendent Thomas Dickhaut; (2) Deputy Superintendent A. Mendonsa; (3) Disciplinary Officer David Hammond; (4) Officer Ayala, an Inner Perimeter Security Officer ("IPS"); (5) IPS Officer Thomas; (6) IPS Srt. Melendez; (7) Shift Commander Jeffrey J. Guerin; (8) Todd M. Smith, investigator at SBCC; and (9) Randy Fisher, Supervisor at SBCC.  The original Complaint named Mr. Bowels, Director of Security as a defendant, but is not included in the Amended Complaint.

Compl. at 1-2, ¶ 24.

Essentially, plaintiffs complain about various conditions of confinement, including their placement in segregation for 24 hours around the clock, without a hearing on their alleged infractions. They claim they have been denied access to the law, to their attorneys, and to the court. Further, plaintiffs assert mail tampering with, and destruction of, their outgoing mail, as well as the denial of medical and/or mental health treatment, and retaliation for the filing of grievances.[2]

Specifically, with respect to plaintiff Cuevas, he alleges that on October 1, 2010, he was placed in segregation pending an investigation. Thereafter a disciplinary report was given to him by defendants Hammond, Smith and Mendonsa. He was accused of corresponding with a female staff member, and claims that no hearing date was given, and that his outgoing mail (a lawsuit) to the Court was opened and discarded. He also claims he was denied access to the law library and to his attorney (because his calling pin number was blocked). Due to this incident, good time credit has been suspended, and his isolation time is active and indefinite. He also claims that he has filed numerous grievances, but his right to file grievances was suspended

---

[2]In the original Complaint, plaintiffs claimed that they are exposed to imminent danger because the defendants have relayed information to other inmates concerning plaintiffs' lawsuits, indicating that other prisoners will suffer the consequences. Compl. at ¶ 24.

because he filed five grievances in one week.

With respect to plaintiff Bermudez, he claims that on September 28, 2010, he was placed in segregation pending an investigation.  Thereafter a disciplinary report was produced to him alleging that he had attempted to pass narcotics into the prison.  He claims that defendants refuse to give him a hearing date, and that he is denied access to the law.

With respect to plaintiff Ramos, he alleges that he has been placed in segregation for 120 days without a hearing and without mental health or medical assistance.  He is illiterate and lacks ability to file grievances on his own.  He claims that he has been denied assistance in filing grievances.

All plaintiffs allege they have not been found guilty of the infractions against them, and that their continued confinement in segregation violates due process.  They assert they have are constantly handcuffed and shackled while their cells are searched, and during this process, they are pushed and shoved for no valid reason.

In the body of the Amended Complaint, plaintiffs seek an emergency hearing and a Temporary Restraining Order enjoining defendants from inflicting emotional and mental pain, from tampering with their mail, and allowing them access to the courts.  They also seek to be provided with medical care. Plaintiffs also seek declaratory relief and monetary damages.

None of the plaintiffs paid the filing fee nor filed motions to waive the filing fee; however, in the cover letter to the Court, they indicate that they intend to seek waivers, and request the appropriate forms to do so.

## II.   DISCUSSION

A.   <u>The Filing Fee; Apportionment</u>

A party bringing a civil action must either (1) pay the $350.00 filing fee, <u>see</u> 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, <u>see</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Where, as here, the plaintiffs are prisoners, any motions for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).[3]

Where there are multiple plaintiffs in a civil action, as here, it has been the practice of this Court to apportion the filing fee equally between or among all plaintiffs (both in

---

[3]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from each plaintiff's account, followed by payments on a monthly basis until the entire assessed filing fee obligation is paid in full.  <u>See</u> 28 U.S.C. § 1915(b)(1)-(2).

prisoner and non-prisoner cases).  <u>See, e.g.</u>, <u>Anderson, et. al.,</u>
<u>v. The Fall River Housing Authority, et al.</u>, C.A. 07-10131-GAO;
<u>Wickers, et al. v. Sheriff Cousins, et al.</u>, C.A. 05-10172-RCL.
<u>Gordon v. Maloney</u>, C.A. No. 03-10205-DPW; <u>Matthews v. Allen</u>, C.A.
No. 02-11922-RWZ.  <u>See</u> <u>also</u> 28 U.S.C. § 1914(a) and
(b)(referencing the $350 filing fee for civil actions and
providing that the clerk shall collect additional fees only as
are prescribed by the Judicial Conference of the United States).

Accordingly, within 21 days of this Memorandum and Order,
each plaintiff either shall (1) pay the apportioned filing fee of
$116.66; or (2) file an application to proceed *in forma pauperis*
accompanied by a certified prison account statement for the six-
month period preceding the filing of the Complaint.  Failure of
any of the plaintiffs to comply with this directive may result in
the dismissal of this action in whole or part.

The Clerk shall provide each plaintiff with the standard
Application to Proceed in District Court Without Prepaying Fees
or Costs.  The Clerk shall also send a copy of this Memorandum
and Order to the Treasurer's Office at SBCC in order to
facilitate any request by the plaintiffs for their certified
prison account statements.  The Court requests that the
Treasurer's Office include in each prison account statement the
plaintiff's average monthly deposits for the six-month period
preceding the date the Complaint was filed, as well as the
average monthly balance for that same period.

No summonses shall issue pending compliance with the
directives contained in this Memorandum and Order.  If and/or

when the filing fee issues are resolved, a further Order shall
issue.

B.     Declination to Treat this Case as a Class Action Suit

        In the Complaint and Amended Complaint, plaintiffs seek
class certification, but they have not done so formally in
accordance with the rules of procedure.  See Fed. R. Civ. P. 23.
Nevertheless, this Court has an independent obligation to
determine whether this action may be maintained as a class action
"as soon as practicable."  See Fed. R. Civ. P. 23(c)(1); Caputo
v. Fauver, 800 F. Supp. 168, 169 (D.N.J. 1992); accord, Shaffery
v. Winters, 72 F.R.D. 191, 193 n.1 (S.D.N.Y. 1976).  Under the
rules, one or more individuals can be considered to be "named
plaintiffs" representing all members of the class, while other
parties are part of the class without being named in the lawsuit.
"Represent" under Rule 23 relates to the ability of the named
plaintiffs to speak for all members of the class; it does not
mean "represent" in the sense of having a lawyer.  While non-
attorney plaintiffs cannot act as a lawyer for the class, these
plaintiffs could -- if they met the requirements of the rules --
serve as plaintiff representatives.  However, Rule 23 and the
Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, require
that certain standards be met before there can be a certified
class with these plaintiffs as the class representatives.  For
example, a basic requirement for all class actions is that the

6

named plaintiffs "fairly and adequately" represent the other members of the class.  Fed. R. Civ. P. 23(a)(4).  Courts have generally recognized that a non-attorney, *pro se* prisoner (or detained litigant) cannot "fairly and adequately" represent the interests of fellow inmates in a class action.  <u>See</u> <u>Caputo</u>, 800 F. Supp. at 170.  <u>See</u> <u>also</u> <u>Fymbo v. State Farm Fire & Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000); <u>Cahn v. United States</u>, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); <u>Hussein v. Sheraton New York</u> <u>Hotel</u>, 100 F. Supp. 2d 203, 206 (S.D.N.Y. 2000).  Thus, this Court could not certify a class without appointing counsel.  Fed. R. Civ. P. 23(g)(1)(A).  Although plaintiffs have not sought appointment of counsel, this Court cannot find, based on the allegations contained in the Complaint, that exceptional circumstances exist that would warrant appointment of *pro bono* counsel at this time either for plaintiffs individually or to represent the purported class.

Accordingly, this Court declines to treat this action as a class action.  <u>See</u> <u>generally</u>, <u>Healey v. Murphy</u>, 2009 WL 6613209 (D. Mass. 2009) (discussing certification requirements).  This declination is without prejudice to renew a request in accordance with Fed. R. Civ. P. 23 after a responsive pleading has been filed by the defendants if this action is permitted to proceed further.

## III.  CONCLUSION

7

Based on the foregoing, it is hereby Ordered that:

1.  Within 21 days of the date of this Memorandum and Order, each plaintiff shall pay their apportioned share of the civil action filing fee ($116.66) or he shall file a Motion for Leave to Proceed *in forma pauperis* along with a certified prison account statement in accordance with 28 U.S.C. § 1915;

2.  No summonses shall issue pending further Order of the Court;

3.  The Court declines to treat this action as a class action.


SO ORDERED.


/s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE