# United States District Court
# District of Massachusetts

FELIX LUIS CUEVAS,
JOSE BERMUDEZ, and
SAMUEL RAMOS,
        Plaintiffs,                    Civil Action
                                     No. 10-11897-PBS
        v.

SUPERINTENDENT DICKHAUT, ET AL.,
        Defendants.

## MEMORANDUM AND ORDER

COLLINGS, M.J.

On December 16, 2010, plaintiff Felix Luis Cuevas ("Cuevas") filed a Motion to Include Additional Plaintiffs (Docket No. 18) seeking to add eight more inmates as plaintiffs to this action, asserting they are also in segregation and are being denied due process.

The three Plaintiffs in this action have previously filed an Amended Complaint (Docket No. 4).  Therefore, this Court construes Cuevas's motion as one for leave to file a Second Amended Complaint.  As such the motion is deficient in a number of respects.

First, the motion fails to indicate (by signature of the proposed additional plaintiffs) that they wish to be included in this litigation as plaintiffs, or that they understand and agree that they will be responsible for their proportionate share of the filing fee under the Prison Litigation Reform Act, and that they have an intention to proceed *pro se* (*i.e.*, understanding that Cuevas may not act as their legal representative).

Second, this motion was filed by plaintiff Felix Cuevas presumably on behalf of all three plaintiffs in this action, as well as for all proposed plaintiffs. As a non-attorney layperson, however, Cuevas may not act as the legal representative for any of these inmates.[1] There is no indication in this motion that his co-plaintiffs (Jose Bermudez and Samuel Ramos) have agreed to include the additional proposed plaintiffs in this case, and assume any additional burdens or costs that might be incurred.

Third, while the litigation is in the early stages, there is no good cause to permit a further Amended Complaint to permit proposed additional plaintiffs to proceed in this action, particularly where all that is known is that they are in segregation, and no proposed Second Amended Complaint was filed along

---

[1]Judge Saris denied the request to proceed with this action as a class action. *See* Memorandum and Order (Docket No. 5).

with this motion. Moreover, there is no indication that these plaintiffs have exhausted administrative remedies and therefore are similarly situated to the plaintiffs or that their legal claims parallel the three plaintiffs' claims asserted in the Amended Complaint. Although a plaintiff is not required to plead administrative exhaustion in a complaint, the matter nevertheless is probative on the decision whether to credit Cuevas's contention that these additional inmates are similarly situated, and whether permitting further amendments in this action is prudent.

Finally, the Court considers that no undue prejudice will result to the proposed additional plaintiffs in denying the Motion for Leave to File a Second Amended Complaint; nothing in the denial of this motion would prevent these proposed additional plaintiffs from filing a separate civil action (provided they pay the $350.00 filing fee or obtain a waiver thereof in accordance with 28 U.S.C. § 1915(b)). Should a new civil action be filed, plaintiffs then could seek to have the two cases consolidated for pretrial and/or trial purposes. In proceeding in this fashion (*i.e.*, requiring the prisoners to pay the civil action filing fee in a new civil case), the Prison Litigation Reform Act would be enforced properly, and its overall purpose -- to discourage frivolous litigation --

would be fostered.  See Wooten v. District of Columbia Metro. Police Dept., 129 F.3d 206, 207 (D.C. Cir. 1997).

Accordingly, for these reasons, Cuevas's Motion to Include Additional Plaintiffs (construed as a Motion for Leave to File a Second Amended Complaint (Docket No. 18) is DENIED.


SO ORDERED.


/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

DATED: December 30, 2010