```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

FELIX LUIS CUEVAS,
JOSE BERMUDEZ, and
SAMUEL RAMOS,
          Plaintiffs,                    Civil Action
                                         No. 10-11897-PBS
          v.

SUPERINTENDENT DICKHAUT, ET AL.,
          Defendants.

                         MEMORANDUM AND ORDER
                           January 14, 2011
SARIS, D.J.

## I.  INTRODUCTION

On October 22, 2010, plaintiffs Felix Luis Cuevas, Jose Bermudez, and Samuel Ramos, all prisoners at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, filed a civil Complaint under, *inter alia*, 42 U.S.C. § 1983 against various officials and employees of SBCC.  Thereafter, on November 16, 2010, plaintiffs filed an Amended Complaint (Docket No. 4).

On November 20, 2010, this Court issued a Memorandum and Order (Docket No. 5) directing each plaintiff to pay the apportioned share of the civil action filing fee, or file a Motion for Leave to Proceed *in forma pauperis* within 21 days.

On November 29, 2010, each plaintiff filed a Motion for Leave to Proceed *in forma pauperis* but failed to submit certified prison account statements as required by 28 U.S.C. § 1915(a)(2). In light of this, a Memorandum and Order (Docket No. 14) issued on December 10, 2010, denying each *in forma pauperis* motion, and affording plaintiffs another 21 days to resubmit a request by filing their certified prison account statements.

On December 22, 2010, the Court received a prison account statement from plaintiff Felix Luis Cuevas; however, co-plaintiffs Jose Bermudez and Samuel Ramos failed to submit any prison statement as directed. No summonses have issued in this case pending resolution of the filing fee issues.

**II. DISCUSSION**

A. Plaintiff Cuevas's Motion for Leave to Proceed *In Forma Pauperis*

Upon review of plaintiff Cuevas's prior financial disclosures and his prison account statement, this Court finds that he has demonstrated sufficiently that he lacks funds to pay the filing fee for this action.

Accordingly, Cuevas's Motion for Leave to Proceed *in forma pauperis* is ALLOWED and the prior denial of the motion is vacated. However, because he is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

1. Plaintiff Felix L. Cueveas is assessed an initial partial filing fee of $46.19, pursuant to 28 U.S.C. § 1915(b)(1)(A);[1]

2. The remainder of the (apportioned) fee $112.47 is to be assessed and collected in accordance with 28 U.S.C.

---

[1] This assessment was based on a manual calculation of the average monthly deposits from June 2010 through November 2010 based on the prison account information submitted by Cuevas. This assessment is without prejudice to his seeking reconsideration provided he submit an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).

2

§ 1915(b)(2).[2]

This assessment is made apart from any other assessments made in other civil actions filed by plaintiff Cuevas; however, because he is a frequent filer, for purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at SBCC and by the Clerk's Office Accounting Department, this Court intends that any funds received from plaintiff Cuevas's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[3]

---

[2]Because the filing fee is due at the time of filing of the Complaint, and because at that time there were three plaintiffs in this action, plaintiff Cuevas is assessed only his proportionate share of the $350.00 filing fee (*i.e.*, $116.66), for the reasons discussed in this Court's Memorandum and Order (Docket No. 5). Notwithstanding that co-plaintiffs claims are being dismissed and that they are no longer part of this action, see *infra*, their filing fee obligations attached at the time of filing as well. Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001)("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits .... Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997)(Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.).

[3]In other words, plaintiff Cuevas's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court. See Ruston v. NBC Television, USCA No. 06-4672-cv (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001). See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from

B.  **Dismissal of All Claims Asserted by Co-Plaintiffs Jose Bermudez and Samuel Ramos**

As noted above, co-plaintiffs Jose Bermudez and Samuel Ramos failed to file their certified prison account statements as directed by this Court in the Memorandum and Order (Docket No. 14). It appears from the statements made by plaintiff Cuevas, and from the Status Reports filed by the defendants at the Court's request, that these two co-plaintiffs are no longer housed in the SMU, and/or that they no longer wish to be parties to this action or prosecute their claims. In any event, this Court will DISMISS all claims against asserted by co-plaintiffs Jose Bermudez and Samuel Ramos against all defendants because they failed to comply with this Court's directives and failed to satisfy the filing fee requirements of this Court.[4] The Clerk shall terminate Jose Bermudez and Samuel Ramos as parties to this action, and plaintiff Cuevas shall be the sole plaintiff in this action.

Should Jose Bermudez and/or Samuel Ramos wish to pursue the claims raised in this action, they may file a separate civil action provided that they pay the $350.00 filing fee or seek a

---

indigent prisoners may raise serious constitutional concerns").

[4] Because this Court lacks prison account information, no assessment of the fee is made against Jose Bermudez or Samuel Ramos; nevertheless, this does not relieve them of their filing fee obligations in this case notwithstanding the dismissal of their claims. See McGore v. Wrigglesworth, 114 F.3d at 607.

4

waiver thereof pursuant to 28 U.S.C. § 1915.

C.  Order for Issuance of Summonses and Service of Process by the United States Marshal Service

After a preliminary screening of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), this Court will permit this action to proceed, and will direct the Clerk to issue a summons. Additionally, because plaintiff Cuevas is proceeding *in forma pauperis*, the Court will direct that the United States Marshal Service effect service of process as directed, and advance the cost of service.

### III.  CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff Cuevas's Motion for Leave to Proceed *in forma pauperis* is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2.  All claims asserted by co-plaintiffs Jose Bermudez and Samuel Ramos against all defendants are DISMISSED in their entirety, and Jose Bermudez and Samuel Ramos are terminated as parties to this action, for failure to comply with this Court's directives and failing to satisfy the filing fee requirements of this Court;[5]

3.  The Clerk shall issue a summons as to each defendant; and

4.  The Clerk shall send the summonses, a copy of the Amended Complaint, and this Memorandum and Order to plaintiff Cuevas, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, a copy of the Amended Complaint, and this Memorandum and Order upon the defendants, in the manner directed by the

---

[5]This Order is not intended as a separate and final judgment.

plaintiff, with all costs of service to be advanced by the
United States Marshal Service.  Notwithstanding Fed. R. Civ.
P. 4(m) and Local Rule 4.1, the plaintiff shall have 120
days from the date of this Order to complete service.


SO ORDERED.


                                /s/ Patti B. Saris
                                UNITED STATES DISTRICT JUDGE